## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **LARRY CHARLES DRAKE, #909508,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-2054-P** |
| | ) | **ECF** |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Institutional Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a *pro se* petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is presently incarcerated at the Roach Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Childress, Texas.  Respondent is the Director of TDCJ-CID.  The Court has not issued process in this case.

Statement of the Case:  Following his plea of not guilty, a jury convicted Petitioner of aggravated sexual assault in the 265th Judicial District Court of Dallas County, Texas, in cause number F98-02853.  (Petition (Pet.) at 2).  Punishment was assessed at nine years imprisonment.  (Id.).  Petitioner did not appeal from the judgment of conviction.  (Id. at 3).

On July 12, 2004, he filed a state application for a writ of habeas corpus pursuant to

article 11.07, Texas Code of Criminal Procedure.  (Pet. at 3 and attachment I).  The Texas Court

of Criminal Appeals denied the application without written order on the trial court's findings

without a hearing on September 14, 2005.  (Id. at 4).  Ex parte Drake, No. WR60,729-01,

www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=230896 (Docket Sheet information

generated from the Texas Judiciary Online – Court of Criminal Appeals on October 20, 2005).

In his federal petition, filed on October 17, 2005, Petitioner alleges ineffective assistance

of counsel at trial, error in an evidentiary ruling, and insufficient evidence to support his

conviction.[1]

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas

corpus relief.  See 28 U.S.C. § 2244(d).  The district court may raise the affirmative defense of

the statute of limitations *sua sponte*.  See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).[2]

The one-year period is calculated from the latest of either (A) the date on which the

judgment of conviction became final; (B) the date on which an impediment to filing an

application created by State action in violation of the Constitution or laws of the United States is

removed, if the applicant was prevented from filing by such State action; (C) the date on which

_____

[1]     For purposes of this recommendation, the petition is deemed filed on October 13,
2005, the date on which Petitioner signed it and presumably placed it in the prison mail.  See
Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed
filed for determining application of the AEDPA when the prisoner tenders it to prison officials
for mailing).

[2]     On October 25, 2005, the Court informed Petitioner of the one-year statute of
limitations and granted him thirty days to show cause why the petition should not be dismissed
as barred by the limitation period.  Petitioner filed his response to the show cause order on
November 3, 2005.

2

the Supreme Court initially recognizes a new constitutional right and makes the right
retroactively applicable to cases on collateral review; or (D) the date on which the facts
supporting the claim became known or could have become known through the exercise of due
diligence. See id. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented
him from filing his federal petition. Nor does he base his petition on any new constitutional right
under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts
supporting the claims raised in the instant petition became known or could have become known
prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will
calculate the one-year statute of limitations from the date Petitioner's conviction became final at
the conclusion of direct review or upon the expiration of the time for seeking such review. See
28 U.S.C. § 2244(d)(1)(A).

Petitioner did not file a direct appeal. As a consequence, his conviction became final on
March 11, 2000, thirty days after the judgment was entered. See Tex. R. App. P. 26.2(a)(1)
(effective Sept. 1, 1997); see also Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000). The one-
year period began to run on March 12, 2000, the day after his conviction became final, see
Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998), and expired on March 11, 2000.
Petitioner did not file his federal habeas petition until October 13, 2005, more than five and one-
half years after the running of the one-year limitation period. Although 28 U.S.C. § 2244(d)(2)
tolls the limitation period during the pendency of state habeas proceedings, see Sonnier v.
Johnson, 161 F.3d 941, 944 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir.
1998), Petitioner's state habeas application was not pending in state court during the one-year

3

limitation period. Flanagan, 154 F.3d at 202.  As noted above, Petitioner did not file his state

application until July 12, 2004, more than four years after the expiration of the one-year period.

See Scott, 227 F.3d at 263 (state habeas application did not toll limitation period for filing

federal habeas petition where it was not filed until after federal limitation period had expired).

Therefore, the federal petition is clearly untimely.

In response to this Court's order to show cause why his petition should not be dismissed

as time barred, Petitioner asserts that he is actually innocent of aggravated sexual assault.

To the extent Petitioner asserts his actual innocence precludes the dismissal of this §

2254 petition, his claim is meritless.  The one-year limitation period contains no explicit

exemption for litigants claiming actual innocence of the crimes of which they have been

convicted.  In this respect, the Fifth Circuit Court of Appeals has recognized that a petitioner's

claims of actual innocence are relevant to the timeliness of his petition if they justify equitable

tolling of the limitation period.  See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000); accord

Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002).

Equitable tolling is available only in cases presenting "rare and exceptional

circumstances."  Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998).  "'The doctrine of

equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations

would be inequitable.'"  United States v. Patterson, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoted

case omitted).  "'Equitable tolling applies principally where the plaintiff is actively misled by the

defendant about the cause of action or is prevented in some extraordinary way from asserting his

rights.'"  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. American

President Lines, 96 F.3d 124, 128 (5th Cir. 1996)); see also Melancon v. Kaylo, 259 F.3d 401,

408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Further, "equity is not intended for those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Rather, "[e]quitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." Id. at 715, n. 14. Finally, a habeas petitioner has the burden of proving that he or she is entitled to equitable tolling. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

Insofar as Petitioner requests the Court to toll the limitation period on equitable grounds because of his alleged actual innocence, his claim is likewise meritless. A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002); United States v. Riggs, 314 F.3d 796, 800 n. 9 (5th Cir. 2002). In addition, Petitioner has not shown that he has reliable new evidence that establishes his actual innocence. See Schlup v. Delo, 513 U.S. 298, 329 (1995). An actual innocence claim carries a heavy burden:

> To establish the requisite probability that he was actually innocent, the [petitioner] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

Fairman v. Anderson, 188 F.3d 635, 644 (5th Cir. 1999) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)); accord Finley v. Johnson, 243 F.3d 215, 221 (5th Cir. 2001); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).

Petitioner merely alleges that the State failed "to sustain the element of 'actual

5

penatration [sic]' nor the element of positive DNA." (Petitioner's Response filed Nov. 3, 2005, at 1). Apparently Petitioner seeks to argue that the medical evidence presented at trial, including the pelvic examination, did not support complainant's trial testimony that he had actually penetrated the female organ. (Memorandum in Support, attached to habeas petition, at arguments in support of ground four).

The above assertion does not carry Petitioner's heavy burden of showing that he is actually innocent. First, Petitioner does not rely on new evidence not submitted at trial. Second, he can not show that it is more likely than not that no reasonable juror would have convicted him in light of the allegedly new evidence. See United States v. Espinoza, 2005 WL 2291620, *3 (N.D. Tex. 2005), report & recommendation adopted by, 2005 WL 2546925 (N.D. Tex. 2005) (3:97cr257-G, 3:05cv944-G). The party seeking equitable tolling has the burden to show entitlement to such tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden to show that equitable tolling is warranted, such tolling does not save the instant petition.[3]

---

[3]     The Court further notes that Petitioner did not diligently pursue his rights. See United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). It appears he did nothing for more than four years from the date his conviction became final until the filing of his art. 11.07 application. Following the denial of his state application, he delayed for an additional month before submitting this petition for filing. These delays – clearly of Petitioner's own making – do not evince due diligence. "[E]quity is not intended for those who sleep on their rights. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). See also Lookingbill v. Cockrell, 293 F.3d 256, 264-65 (5th Cir. 2002) (four-day delay in filing federal habeas petition by death row inmate did not justify equitable tolling; courts focus "on the reasons for missing the deadline rather than on the magnitude of the tardiness).

RECOMMENDATION:

For the foregoing reasons it is recommended that the habeas corpus petition be dismissed

with prejudice as barred by the one-year limitation period. 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 10th day of March, 2006.

*Wm. F. Sanderson, Jr.*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir.
1996) (en banc), a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten day period may bar a *de novo* determination by the district
judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds
of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.

**ATTACHMENT   I**

Cause No. VV 98 · 02853 - R(A)
(The Clerk of the convicting court will fill this line.)

**FILED**

JUL 12 2004

JIM HAMLIN
DIST. CLERK DALLAS CO., TEXAS
DEPUTY



## COURT OF CRIMINAL APPEALS OF TEXAS

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

_Larry   Charles   Drake_          _02-12-62_
NAME OF APPLICANT  (Please print full name)          DATE OF BIRTH

_T. L. Roach   Unit_          _909508_
PLACE OF CONFINEMENT          TDCJ-ID NUMBER

(1)  **What court entered the judgment of conviction you want relief from?**
     **(Give the number and county of the court.)**

     _265th   District   Court,   Dallas   County_


(2)  **What was the cause number in the trial court?**  _F9802853_

(3)  **What was the trial judge's name?**  _Keith   Dean_

(4)  **What was the date of judgment?**  _02-10-00_

(5)  **What was the length of sentence?**  _9 years_

(6)  **Who assessed punishment?   (Check one)**          **(a) Judge ( ); (b) Jury (✓)**

(7)  **What offense or offenses were you were convicted of (all counts)?**

     _Aggravated   Sexual   Assault_



**Misc. Docket No. 00-100**          **Page 2 of 10**

2

THE STATE OF TEXAS
COUNTY OF DALLAS

    I, Jim Hamlin, District Clerk of
Dallas County, Texas, do hereby certify
that the foregoing is a true and correct
copy as the same appears on record now
on file in my office.

Witness my official hand and seal of
office, this _____ 10/ 24 /05 _____.

    JIM HAMLIN, DISTRICT CLERK
    Dallas County, Texas

By _____
              Deputy